IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CARLTON LEWIS,  :  Plaintiff,  : | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2673 |
| C/O BRANTLEY, *et al.*  Defendants. | : : : | |

MCHUGH, J.                                                                                                                   July 9, 2024

**MEMORANDUM**

*Pro se* Plaintiff Anthony Carlton Lewis, a prisoner currently incarcerated at SCI Huntingdon, has filed a Complaint asserting civil rights claims based on events that occurred during his prior incarceration at SCI Phoenix. Lewis also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Lewis leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.        FACTUAL ALLEGATIONS**[1]

The factual allegations set forth in Mr. Lewis's Complaint are brief. He names several SCI Phoenix employees, including Correctional Officer Brantley,[2] five "John Doe" Correctional Officers, and a "Jane Doe" Nurse. (Compl. (ECF No. 2) at 2-4.) The Defendants are sued in their official capacities. (*Id.* at 2-3.)

---

[1] The allegations set forth in this Memorandum are taken from Lewis's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Although Correctional Officer Brantley is listed on the caption of the Complaint (*see* Compl. at 1), Lewis does not name him as a separate defendant in the area of the form Complaint that directs the litigant to provide information "for each defendant named in the complaint," nor does Lewis allege any specific factual allegations about Brantley. (*Id.* at 2-4.)

Lewis asserts that he was "assaulted by officers" on January 28, 2023. (*Id.* at 6.) He alleges that each officer came into his cell and "put there [sic] hands on [him]." (*Id.* at 5-6.) He also avers that each Defendant "had the chance to do the right thing but chose not to." (*Id.* at 5.)

Mr. Lewis contends that he sustained "major injuries" to his left elbow and the right side of his ribs. (*Id.* at 6.) He alleges that the nurse at SCI Phoenix did not help him, and he had to wait until his transfer to SCI Huntingdon on January 29, 2023 to receive medical attention. (*Id.*) He asserts that once he arrived at SCI Huntingdon, he "was sent immediately to medical and then to [an] outside emergency room." (*Id.*) Lewis seeks $2.5 million in monetary damages. (*Id.*)

## II.  STANDARD OF REVIEW

The Court grants Mr. Lewis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[3] Because Lewis is a prisoner who is granted *in forma pauperis* status, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

As Mr. Lewis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.  DISCUSSION

The Complaint reflects Lewis's intention to raise civil rights claims.[4] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Official Capacity Claims

Mr. Lewis names all Defendants in their official capacities. (Compl. at 2-3.) He also asserts that each Defendant is an employee of SCI Phoenix, a state prison operated by the Pennsylvania Department of Corrections. (*Id.* at 2-4.) The Eleventh Amendment bars suits against the Commonwealth and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against Commonwealth officials, like all the Defendants

---

[4] Lewis checked the box on his form complaint indicating that he intends to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *Bivens* provides a remedy for certain constitutional violations committed by federal actors. However, no federal Defendants are named in the Complaint and there are no allegations suggesting that any conduct was committed by a federal actor. Accordingly, the Court will liberally construe the Complaint to assert claims pursuant to 42 U.S.C. § 1983.

in this case, acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court.  Accordingly, Lewis's official capacity claims are dismissed with prejudice.[5]

### B.     Individual Capacity Claims for Excessive Force

Mr. Lewis alleges that each of the correctional officer Defendants used excessive force on him during a January 28, 2023 incident.  The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.  "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  The factors used to determine whether the force applied was excessive include:  "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as

---

[5] In drafting his Complaint, Lewis may not have understood the implication of checking the official capacity box on the form complaint he used.  Because state employees sued in their official capacities are immune from suit filed in federal court, the Court will liberally construe the Complaint to assert claims against the Defendants in their individual capacities as well. *See Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

4

reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). In addition, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Even construing the Complaint liberally, Mr. Lewis's allegations concerning the use of excessive force against him are insufficiently developed. He claims that each officer came into his cell and "put there [sic] hands on [him]." (Compl. at 5-6.) But to allege a plausible claim, Mr. Lewis must allege sufficient facts from which one could infer that the force was excessive. Lewis fails to allege sufficient facts describing the force used and the circumstances under which it was used. Absent any factual allegations suggesting that the use of force was maliciously and sadistically applied for the very purpose of causing harm, the Complaint cannot support a plausible Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678. Accordingly, Mr. Lewis's excessive force claim is not plausible as stated. *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) ("Sampson's bare allegation that he was 'assaulted' is insufficient to state an excessive force claim.").

### C. Individual Capacity Claims for Medical Deliberate Indifference

Lewis's constitutional claim against Nurse Doe is best construed as a medical deliberate indifference claim. He alleges that the nurse at SCI Phoenix did not help him following the January

28, 2023 assault, and he had to wait until his transfer to SCI Huntingdon on January 29, 2023 to receive medical attention.  (Compl. at 6.)

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious."  *Id; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering.").  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

There simply are not enough facts in the Complaint to support a plausible inference that Nurse Doe was aware that Lewis required attention for a serious medical need and that she acted

6

intentionally to refuse to provide medical treatment, delayed treatment, or personally prevented Lewis from receiving needed or recommended medical treatment. Mr. Lewis does not describe his interaction with the nurse, including what she was likely to have known about his condition and what treatment he may or may not have required. Accordingly, Mr. Lewis has not stated a plausible claim of deliberate indifference for the failure to provide medical treatment, and this claim will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Lewis's official capacity claims will be dismissed with prejudice, and his excessive force and medical deliberate indifference claims against the Defendants in their individual capacities will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Lewis will be given an opportunity to correct the defects in his excessive force and medical deliberate indifference claims against the Defendants in their individual capacities by filing an amended complaint. Any amended complaint must clearly describe the factual basis for Lewis's claims and how each defendant was personally involved in the alleged denial of his constitutional rights.[6] An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

Gerald Austin McHugh
**GERALD A. MCHUGH, J.**

---

[6] Lewis must specify what each particular named Defendant did or did not do to violate his rights. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).