IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CARLTON LEWIS, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-2673** |
| | : | |
| C/O BRANTLEY, *et al.* | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                              **OCTOBER 30, 2024**

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Anthony
Carlton Lewis, a convicted and sentenced prisoner currently incarcerated at SCI Huntingdon.
Lewis asserts civil rights claims based on events that occurred during his prior incarceration at
SCI Phoenix.  For the following reasons, the Court will dismiss Lewis's Amended Complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.    PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[1]

In his initial Complaint, Mr. Lewis asserted that he was "assaulted by [corrections]
officers" on January 28, 2023 when at least five officers entered his cell and "put there [sic]
hands on [him]."  (ECF No. 2 ("Compl.") at 5-6.)  Lewis allegedly sustained "major injuries" to
his left elbow and the right side of his ribs.  (Compl. at 6.)  He also asserted that a nurse at SCI
Phoenix refused to help him, and he had to wait until his transfer to SCI Huntingdon on January
29, 2023 to receive medical attention.  (*Id.*)  Upon arrival to SCI Huntingdon, he "was sent

---

[1] The factual allegations are taken from Lewis's Complaint, his Amended Complaint, and the
attachments thereto.  The Court adopts the pagination supplied by the CM/ECF docketing
system.

immediately to medical and then to [an] outside emergency room." (*Id.*)  Lewis sought monetary damages.  (*Id.*)

In a July 9, 2024 Memorandum and Order, the Court granted Lewis leave to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  (ECF Nos. 6 & 7.)  The Court dismissed Mr. Lewis's official capacity claims with prejudice as barred by the Eleventh Amendment.  *See Lewis v. Brantley*, No. 24-2673, 2024 WL 3361606, at *2 (E.D. Pa. July 9, 2024).  The Court dismissed Lewis's excessive force claims without prejudice because Lewis failed to allege sufficient facts from which one could infer that the force used was excessive.  *Id.* at *3.  Specifically, Lewis failed to describe the force used and the circumstances under which it was used. *Id.*  Finally, the Court dismissed Lewis's medical deliberate indifference claims without prejudice because there were not enough facts in the Complaint to establish plausibly that the nurse at SCI Phoenix was aware that Lewis required attention for a serious medical need and that she acted intentionally to refuse to provide medical treatment, delayed treatment, or personally prevented Lewis from receiving needed or recommended medical treatment.  *Id.* at *4.  The Court provided Lewis an opportunity to file an amended complaint as to his excessive force and medical deliberate indifference claims.  *Id.*  Lewis returned with an Amended Complaint.  (ECF No. 9 ("Am. Compl.").)

The factual allegations set forth in Mr. Lewis's Amended Complaint are extremely brief. He names several SCI Phoenix employees in their individual capacities, including Correctional Officer Brantley, five "John Doe" Defendants and a "Jane Doe" Defendant.  (Am. Compl. at 2-4.)  Lewis does not identify the job or title of any John or Jane Doe Defendants.  (*Id.*)  The Amended Complaint indicates that Lewis is asserting claims pursuant to 42 U.S.C. § 1983, and he specifically alleges excessive force and medical deliberate indifference.  (*Id.* at 3.)

Mr. Lewis indicates that the events giving rise to his claims occurred on January 28, 2023 at SCI Phoenix.  (*Id.* at 5-6.)  The Amended Complaint contains no factual allegations against any of the named Defendants, and in the area of the form complaint where Lewis was directed to describe the facts underlying his claims, he simply wrote "[a]ttach in [g]rievance."  (*Id.* at 6.) Lewis's attachments consist of inmate grievances he apparently submitted at SCI Phoenix and SCI Huntingdon, facility responses, a misconduct report, and sick call requests.  (*See id*. at 13-35.)  Lewis asserts that he sustained injuries to his left elbow and the right side of his ribs.  (*Id.* at 6.)  He contends that on January 29, 2023, he was taken to medical and "then to [an] outside Emergency Room" where his injuries were recorded.  (*Id.*)  He seeks punitive and compensatory damages in excess of two million dollars.  (*Id.*)

## II.    STANDARD OF REVIEW

As Mr. Lewis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Mr. Lewis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

4

### III.    DISCUSSION

Mr. Lewis's Amended Complaint indicates a second attempt to assert claims against the
Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may
be brought in federal court.  (*See* AC at 3.)  "To state a claim under § 1983, a plaintiff must
allege the violation of a right secured by the Constitution and laws of the United States, and must
show that the alleged deprivation was committed by a person acting under color of state law."
*West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Rule 8

The Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a
complaint with the court," which must state a short and plain statement of the grounds for the
court's jurisdiction and the factual basis for each claim, as well as a demand for the relief sought.
Fed. R. Civ. P. 3 and 8.  The complaint must articulate actions taken by each defendant in
relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938
F.3d at 93.  Additionally, "an amended pleading supersedes the original pleading and renders the
original pleading a nullity," meaning that "the most recently filed amended complaint becomes
the operative pleading."  *Id.* at 82.  Even under the liberal construction afforded to complaints
filed by self-represented litigants, courts may not amalgamate documents to construct claims.
*See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal
construction of a *pro se* amended complaint does not mean accumulating allegations from
superseded pleadings."); *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar.
5, 2012), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar.

29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff.").

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).  However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles buried in the record.")

Mr. Lewis presents his claims by submitting a form complaint that cross-references generally to his attachments without any specific citation to a narrative of events explaining the factual basis for any legal claims.  This is not an acceptable manner of pleading a claim in federal court. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD*

*Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr.

1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous

exhibits to its Complaint."). Although it is apparent that Lewis wishes to bring claims of

excessive force and medical deliberate indifference (*see* Am. Compl. at 3), his Amended

Complaint does not identify the facts supporting those claims. Accordingly, the Amended

Complaint fails to satisfy Rule 8 and will be dismissed without prejudice to amendment.

      **B.**       **Excessive Force**

      Mr. Lewis appears to allege that excessive force was used on him during an incident that

occurred on January 28, 2023. (*See* Am. Compl. at 3, 5-6.) The Eighth Amendment prohibits

prison officials from unnecessarily and wantonly inflicting pain in a manner that offends

contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The

court must determine whether the "force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "Force that is used

'maliciously and sadistically for the very purpose of causing harm' violates the Eighth

Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*,

475 U.S. 312, 320-21 (1986)). The factors used to determine whether the force applied was

excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the

need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent

of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials

on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a

forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v.

Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the

circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d

641, 648 (3d Cir. 2002).  In addition, "[a] defendant in a civil rights action must have personal

involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207

(3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement

requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"

(quoting *Rode*, 845 F.2d at 1207)).

Mr. Lewis's allegations concerning the use of excessive force against him are

undeveloped.  To allege a plausible claim, Lewis must allege sufficient facts from which one

could infer that the force was excessive.  Lewis fails to allege any facts in his Amended

Complaint describing which Defendants were involved – even by designating them as specific

"John Does," what force was used, and the circumstances under which force was used.  Although

Lewis names Correctional Officer Brantley as a Defendant, he fails to allege how Brantley was

involved in the incident he describes.  Absent any factual allegations suggesting that the use of

force was maliciously and sadistically applied for the very purpose of causing harm, the

Amended Complaint cannot support a plausible Eighth Amendment claim.  *See Iqbal*, 556 U.S.

at 678.  Accordingly, Lewis's excessive force claim is not plausible as stated.  *Sampson v.*

*Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at \*2 (3d Cir. June 26, 2024)

("Sampson's bare allegation that he was 'assaulted' is insufficient to state an excessive force

claim.").

### C.    Medical Deliberate Indifference

Mr. Lewis also indicates an intent to assert a claim of medical deliberate indifference.

(*See* Am. Compl. at 3.)  To state a constitutional claim based on the failure to provide medical

treatment, a prisoner must allege facts indicating that prison officials were deliberately

indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A

prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

There simply are no facts in the Amended Complaint to support a plausible inference that any of the named Defendants were aware that Lewis required attention for a serious medical need and that they acted intentionally to refuse to provide medical treatment, delayed treatment, or personally prevented Lewis from receiving needed or recommended medical treatment. Lewis does not describe any interactions with the Defendants or address what they were likely to have known about his condition and what treatment he may or may not have required.

9

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Mr. Lewis's Amended Complaint

without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Lewis

will be given a final opportunity to correct the defects in his excessive force and medical

deliberate indifference claims against the Defendants by filing a second amended complaint.

Any second amended complaint must comply with Federal Rule of Civil Procedure 8 and must

clearly describe the factual basis for Lewis's claims and how each defendant was personally

involved in the alleged denial of Lewis's constitutional rights.[2]  An appropriate Order follows,

which provides further instruction as to amendment.

BY THE COURT:

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**

---

[2] Lewis must specify what each particular named Defendant did or did not do to violate his
rights.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the
plaintiff's collective use of the word "Defendants" failed to adequately plead which specific
defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley*, 957 F.3d at
374 ("Personal involvement requires particular 'allegations of personal direction or of actual
knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  In other words, Lewis should
state in a narrative explanation as many facts as he can about what each Defendant did or did not
do that caused him an injury.  In stating his narrative, Lewis should identify individual unknown
actors as "John Doe 1," "John Doe 2," etc. to differentiate what role each person played in the
incident that he contends violated his rights.