IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CARLTON LEWIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2673 |
| | : | |
| C/O BRANTLEY, *et al.* | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 30ᵗʰ day of October, 2024, upon consideration of Plaintiff Anthony

Carlton Lewis's Amended Complaint (ECF No. 8), it is **ORDERED** that:

1.      The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure

to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's

Memorandum.

2.      Mr. Lewis may file a second amended complaint within thirty (30) days of the

date of this Order.  Any second amended complaint must identify all defendants in the caption of

the second amended complaint in addition to identifying them in the body of the second

amended complaint and shall state the basis for Lewis's claims against each defendant.  The

second amended complaint must also provide as much identifying information for the defendants

as possible.  Lewis may refer to a defendant by last name only if that is the only identifying

information possessed.  If Lewis wishes to name individuals for whom he does not have any

identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]

The second amended complaint shall be a complete document that does not rely on the initial

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to
direct service of any second amended complaint that Lewis may file.

Complaint, the Amended Complaint, or any other papers filed in this case to state a claim.  When

drafting his second amended complaint, Lewis should be mindful of the Court's reasons for

dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

Upon the filing of a second amended complaint, the Clerk shall not make service until so

**ORDERED** by the Court.

3.      The Clerk of Court is **DIRECTED** to send Mr. Lewis a blank copy of the Court's

form complaint for a prisoner filing a civil rights action bearing the above civil action number.

Lewis may use this form to file his second amended complaint if he chooses to do so.

4.      If Mr. Lewis does not wish to file a second amended complaint and instead

intends to stand on his Amended Complaint as originally pled, he may file a notice with the

Court within thirty (30) days of the date of this Order stating that intent, at which time the Court

will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on

Amended Complaint," and shall include the civil action number for this case.  *See Weber v.*

*McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file

an appropriate notice with the district court asserting his intent to stand on the complaint, at

which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of*

*Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696,

703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when

it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to

replead those claims" when the district court "expressly warned plaintiffs that failure to replead

the remaining claims . . . would result in the dismissal of those claims").

5.      If Mr. Lewis fails to file any response to this Order, the Court will conclude that

Lewis intends to stand on his Amended Complaint and will issue a final order dismissing this

2

case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Gerald Austin McHugh
_____
GERALD A. MCHUGH, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3