## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY CARLTON LEWIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2673** |
| | : | |
| **C/O BRANTLEY,** *et al.* | : | |
| **Defendants.** | : | |

### MEMORANDUM

**MCHUGH, J.**                                                                     **June 26, 2025**

  Plaintiff Anthony Carlton Lewis's Second Amended Complaint ("SAC") in this civil action raises claims stemming from his assault by corrections officers on January 28, 2023, when Lewis was incarcerated at SCI Phoenix.  (ECF No. 15.)  Currently before the Court is a Motion to Dismiss filed by Defendant Corrections Officer Matthew Brantley ("Brantley"), the only identified and served Defendant at this stage of the litigation.[1]  (ECF No. 26.)  For the following reasons, the Court will deny Brantley's Motion to Dismiss.

## I.  PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[2]

  Lewis, a convicted and sentenced state prisoner, filed his SAC naming Brantley as well as four "John Doe" Correctional Officers and a "Jane Doe" Nurse as Defendants, all of whom

---

[1] By Order dated December 30, 2024, the Court directed service of the SAC against Defendant Brantley.  (ECF No. 17.)  At that time, the Court explained that service could not be made on the unidentified Defendants, Correctional Officer John Doe Nos. 1-4 and Nurse Jane Doe, unless or until Lewis provided sufficient identifying information to allow for service.  (*Id.*)  The Court further noted that it was Lewis's responsibility to notify the Court of the Defendants identities if/when that information is obtained.  (*Id.*)

[2] The factual allegations set forth in this Memorandum are taken from Lewis's SAC, which consists of the Court's form complaint available to prisoners to raise constitutional claims and handwritten portions.  (ECF No. 15.)  The Court deems the entire submission to constitute the SAC, and adopts the continuous pagination assigned to the SAC by the CM/ECF docketing system.

are allegedly employed at SCI Phoenix.[3]  (*See* SAC (ECF No. 15) at 2-4.)  Lewis alleges that on January 28, 2023, "each defendant, besides the nurse" came into his cell and punched and kicked him, using excessive force.  (*Id.* at 6.)  He asserts there is video evidence depicting that "each defendant" entered his cell and "one by one" they punched and kicked him.  (*Id.*)  He also avers that each of the defendants told him to "stop resisting" even though he was not resisting.  (*Id.*)  Lewis further contends that there was no reason for Defendant Brantley "to use a take down" maneuver on him because Lewis "never resisted."  (*Id.*)  After the incident, Lewis was taken to the visiting room area and subjected to a "strip search" while he complained about his injuries.  (*Id.* at 8.)  Lewis alleges that his left elbow was broken, and he sustained injuries to the right side of his ribs.  (*Id.* at 7-8.)  He avers that he "was denied medical treatment at first" but was later treated "by sick call."  (*Id.*)  He seeks monetary damages in excess of two million dollars.  (*Id.*)

## II.    THE PENDING MOTION

Defendant Brantley filed a Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 26.)  In so doing, Brantley argues that the SAC largely consists of conclusions of law, and he contends that Lewis's general assertions that the "defendants" violated his constitutional rights are insufficient to establish Brantley's personal involvement.  (*Id.* at 6.)  Brantley acknowledges Lewis's contention that he performed a take down, but he contends that Lewis does not give any context as to the circumstances necessitating

---

[3] The SAC was filed following Lewis's prior attempts to assert claims via his Complaint (ECF No. 2) and Amended Complaint (ECF No. 8).  Lewis's prior pleadings were each dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Lewis was twice granted leave to file an amended complaint as to any claims dismissed without prejudice.  (*See* ECF Nos. 6-7 and 10-11.)  Lewis returned with his SAC on November 29, 2024, and the Court directed service of the SAC on December 30, 2024.  (*See* ECF Nos. 15, 17.)

that use of force and Lewis fails to plead any facts inferring that the force used was malicious. (*Id.*)

In response to Brantley's Motion, Lewis asserts that **each** of the named Defendants, and by extension, therefore, this includes Defendant Brantley, kicked and punched Lewis while he was in his prison cell. ("Response" (ECF No. 28) at 6.) (bolded emphasis added.) Lewis also avers that Brantley performed a take down that was excessive and not in good faith. (*Id.*) Lewis submits that evidence in support of his allegations as to Brantley will be proved by video and paperwork. (*Id.*)

## III.    STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendants' burden to show that a complaint fails to state a claim. *See Hedges*

*v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally).

## IV.    DISCUSSION

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The factors used to determine whether the force applied was excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived

by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).

With respect to the incident at issue, Lewis alleges that each Defendant, *i.e.* **all** the correctional officer defendants, including Brantley, punched and kicked him while he was confined in his cell. (SAC at 6.) Brantley also allegedly executed a takedown maneuver on Lewis, even though Lewis was not resisting. (*Id.*) The use of this alleged force caused Lewis to sustain injuries, including a broken left elbow. (*Id.* at 7-8.) Based on these allegations, the Court concludes that Lewis has sufficiently alleged a plausible claim of excessive force against Brantley. That is, if we are to accept Lewis's version of the facts as true, as we must, there does not appear to be any justification for Brantley's alleged conduct when Lewis was confined to his cell, multiple officers entered Lewis's cell, and Lewis was not resisting any of the correctional officers. *See, e.g., Caldwell v. Luzerne Cnty. Corr. Facility Mgmt. Emps.*, 732 F. Supp. 2d 458, 466 (M.D. Pa. 2010) (allegations that Caldwell was slammed onto the floor, kicked and punched, were sufficient to state an excessive force claim); *Clinton v. Jersey City Police Dep't,* No. 07-5686, 2010 WL 551463, at *6 (D.N.J. Feb.16, 2010) (denying defendants' motion for summary judgment on plaintiff's excessive force claim where plaintiff testified that he was wrestled, kicked, and beaten by arresting officers); *Hudgon v. LaFleur*, No. 07-3626, 2010 WL 2950004, at *4 (D.N.J. July 22, 2010) (allegations that a prisoner was repeatedly kicked, punched, and kneed in the back and ribs by multiple officers survived summary judgment even though prisoner could only identify one of his alleged assailants).

## V.      CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Dismiss and direct

Defendant Corrections Officer Matthew Brantley to answer the SAC.  An appropriate order

follows.

**BY THE COURT:**


**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**